---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of New York _____
                                    (State)

Case number (*if known*): _____ Chapter 11 _____

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Mercon B.V.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Mercon BV

3. **Debtor's federal Employer Identification Number (EIN)**

   __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | De Ruijterkade 142, 1011 AC | |
   | Number    Street | Number    Street |
   | | P.O. Box |
   | Amsterdam, the Netherlands | |
   | City    State    ZIP Code | City    State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | County | Number    Street |
   | | City    State    ZIP Code |

5. **Debtor's website (URL)**    www.merconcoffeegroup.com

---

Debtor    Mercon B.V.
_____    Case number *(if known)*_____
Name

| | |
|---|---|
| **6. Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding LLP) |
| | ☐ Other. Specify: _____ |

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☑ None of the above |
| | |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | _4_  _2_  _4_  _5_ |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☑ Chapter 11. *Check **all** that apply:* |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

Debtor    Mercon B.V. _____    Case number *(if known)* _____
      Name

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                               MM / DD / YYYY

         District _____  When _____  Case number _____
                               MM / DD / YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor  See attached _____  Relationship _____

        District _____  When _____
                               MM / DD / YYYY

        Case number, if known _____

---

**11.** **Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?**  *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                  Number     Street

                  _____

                  City                State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

          **Statistical and administrative information**

---

| Debtor | Mercon B.V. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | Check one: |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | ☑ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| | | | | | |
|---|---|---|---|---|---|
| **14.** | **Estimated number of creditors** (on a consolidated basis) | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 | |
| | | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 | |
| | | ☐ 100-199 | ☑ 10,001-25,000 | ☐ More than 100,000 | |
| | | ☐ 200-999 | | | |

| | | | | | |
|---|---|---|---|---|---|
| **15.** | **Estimated assets** (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | |
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion | |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | |
| | | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion | |

| | | | | | |
|---|---|---|---|---|---|
| **16.** | **Estimated liabilities** (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | |
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion | |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | |
| | | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion | |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17.** | **Declaration and signature of authorized representative of debtor** |

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/06/2023
         MM  / DD / YYYY

X _____         Harve Light
Signature of authorized representative of debtor         Printed name

Title Chief Restructuring Officer

Debtor    Mercon B.V.
     Name    Case number *(if known)*_____

---

**18.** **Signature of attorney**    ✖ /s/ *Blaire Cahn*    Date    12/06/2023
    Signature of attorney for debtor    MM / DD / YYYY

Blaire Cahn
Printed name

Baker & McKenzie LLP
Firm name

452     Fifth Avenue
Number     Street

New York          NY     10012
City          State     ZIP Code

212-626-4695          blaire.cahn@bakermckenzie.com
Contact phone          Email address

4737276          NY
Bar number          State

## <u>SCHEDULE 1</u>

**Pending Bankruptcy Cases Filed by the Debtors in this Court**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York. Contemporaneously herewith, the Company is filing a motion requesting the joint administration of these chapter 11 cases for procedural purposes only under the case number assigned to Mercon Coffee Corporation.

1. Agro International Holding B.V.
2. Cisa Export S.A.
3. Comercial Internacional de Granos de Honduras, S.A. de C.V.
4. Comercial Internacional Exportadora Sociedad Anónima or
   Comercial Internacional Exportadora, S.A.
5. Distribuidora de Granos de Nicaragua, Sociedad Anónima
6. Mercafe Vietnam LTD.
7. Mercapital de Nicaragua, Sociedad Anónima or Mercapital de Nicaragua, S.A.
8. Mercon B.V.
9. Mercon Brasil Comércio de Café Ltda.
10. Mercon Coffee Corporation
11. Mercon Guatemala, S.A.

Paul J. Keenan Jr. (*pro hac vice* pending)
John R. Dodd (*pro hac vice* pending)
Reginald Sainvil (*pro hac vice* pending)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
       john.dodd@bakermckenzie.com
       reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4695
Facsimile: 212-310-1695
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCON B.V., | CASE NO. |
| Debtor. | |
| _____/ | |

## LIST OF EQUITY SECURITY HOLDERS

| Name and Address | % Equity Interest |
|---|---|
| Mercon Cöoperatief U.A.<br>De Ruijterkade 142, 1011 AC<br>Amsterdam, the Netherlands | 100% |

Paul J. Keenan Jr. (*pro hac vice* pending)
John R. Dodd (*pro hac vice* pending)
Reginald Sainvil (*pro hac vice* pending)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
        john.dodd@bakermckenzie.com
        reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4695
Facsimile: 212-310-1695
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCON B.V., | Case No. |
| Debtor. | |
| _____/ | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the

following are the corporations, other than a governmental unit, that directly own 10% or more of

any class of the above-captioned debtor's equity interest:

Mercon Cöoperatief U.A.                    100% Owner

<table>
<tr><td>Fill in this information to identify the case</td></tr>
</table>

Debtor name <u>Mercon Coffee Corporation</u>

United States Bankruptcy Court for the: <u>Southern</u> District of <u>New York</u>

Case number (If known): _____

g  Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1.  Stichting andgreen.fund (&Green) Basisweg 10, 1043AP, Amsterdam, The Netherlands | Johnny Brom +31 (0)70 744 8884 brom@sailventures.com | Subordinated Loan | | | | $20,000,000 |
| 2.  Crowdout Capital LLC 812 San Antonio St Suite 105 Austin, TX 78701 | Adam R. Weber 512.538.1883 aweber@crowdoutcapital.com | Subordinated Loan | | | | $20,000,000 |
| 3.  LaFise Nicaragua Centro Financiero LAFISE, Km. 5 1/2 Carretera Masaya Codigo Postal 14187 Managua, Nicaragua | Manuel Jerez (505) 2255-8888 Ext. 4244. mjerez@lafise.com | Bank Loan | | | | $19,490,776 |
| 4.  London Forfaiting 15 Austin Friars London, EC2N 2HE United Kingdom | Carlos Lunardini (+1) 212 377-2016 Carlos.Lunardini@forfaiting.com | Bank Loan | | | | $13,000,000 |
| 5.  Banco Agromercantil 7a. Avenida 7-30 Zona 9 Codigo Postal 01009 Ciudad de Guatemala Guatemala | Felipe Alfonso Galvez Berganza +502 2338- 6565 Ext.: 97691 felipe.galvez@bam.com.gt | Bank Loan | | | | $9,000,000 |
| 6.  Nederlandse Financierings-Maatschappij voor Ontwikkelingslanden N.V. (FMO) Anna van Saksenlaan 71 I P.O. Box 93060 2509 AB The Hague The Netherlands | Anton Timpers +31 (0)70 314 9778 a.timpers@fmo.nl | Subordinated Loan | | | | $5,000,000 |

Debtor Mercon Coffee Corporation_____ Case number (*if known*)_____
     Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7. Common Fund For Commodities Rietlandpark 301 1019 DW Amsterdam Netherlands | Ms. Tia Sudjarwo 0031 20 5754967 tia.sudjarwo@common-fund.org | Bank Loan | | | | $4,000,000 |
| 8. Banco Internacional de Costa Rica Avenida Balboa y Calle Aquilino De La Guardia Código Postal: 081607810 Ciudad de Panamá Panamá | Karla Castillo - Ejecutivo Corporativo +505 8884-2096 kcastillo@bicsa.com | Bank Loan | | | | $3,500,000 |
| 9. Banco Safra S.A. Av. Paulista 2100 6 Andar Sao Paulo Zip Code 01310-930 | Thiago de Castro Santos 55 11 2472-4133 castro.thiago@safra.com.br | Bank Loan | | | | $3,246,500 |
| 10. BAC Panama Calle Aquilino De La Guardia Edificio BAC Credomatic Código Postal: 081906536 Ciudad de Panamá Panamá. | Ramiro Jesus Aguilar Ochoa (507) 6151-8196, (507) 6439-5496 RamiroAguilarO@pa.bac.net | Bank Loan | | | | $3,000,000 |
| 11. BAC Nicaragua Centro Financiero BAC Km 4 1/2 Carretera a Masaya Código Postal 14125 Managua, Nicaragua | Myriam Caldera Gurdian (505) 2274-4444. (505) 8871 1314 mcaldera@baccredomatic.ni | Bank Loan | | | | $2,000,000 |
| 12. Banco de Finanzas S.A. Centro Corporativo BDF Del Club Terraza 440m. al este Código Postal 14114 Managua, Nicaragua | Maria Felicia Otero Castilblanco +(505) 2276-8600 Ext 2075 +(505) 8720-1129 maria.otero@bdfnet.com | Bank Loan | | | | $2,000,000 |
| 13. Zenith Group Advisors 445 Park Avenue 9th Floor New York, NY 10022 | Cole Reifler - 310 382 0211 creifler@zenithgroupadvisors.com | Trade | | | | $1,800,000 |
| 14. Banco ABC Brasil S.A. AV. Cidade Jardim 803 2O Andar Sao Paulo/SP Zip Code 01453-000 | Michelle Amorim de Araujo Cunha 55 (31) 99885-9464 michelle.cunha@abcbrasil.com.br | Bank Loan | | | | $1,227,524 |
| 15. Banco Santander (Brasil) S.A. Av. Pres. Juscelino Kubitschek 2041 - CJ 281, Bloco A, Cond. Wtorre JK - Vila Nova Conceição São Paulo-Sp Zip Code: 04543-011 | Rafael Carvalho de Souza 55 (35) 999507388 rafael.carvalho.de.souza@santander.com.br | Bank Loan | | | | $807,556 |

Debtor Mercon Coffee Corporation_____   Case number (*if known*)_____
    Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16. Blendcoffee Comercio Exportacao E I Avenida Cerejeiras, 395 - Bairro Movelar. Linhares/ES | Julio Cesar Galon Moro (27) 99984-1250 Diretoria@blendcoffee.ind.br | Trade | | | | $589,804 |
| 17. Expocaccer – Matriz Av Faria Pereira. Patrocinio Minas Gerais 38740-514, Brasil | Rubstein 55 34 3839-9300 rubstein@expocaccer.com.br | Trade | | | | 585,283 |
| 18. Aklilu Kassa Chirrissa (Nardos Coffee Export) Akaky Kality Subcity, Woreda 05, House No. 9999, Addis Ababa, Ethiopia | Dessalegn Jena +251114667545/0298 dessalegnjena@gmail.com; info@nardoscoffee.com | Trade | | | | 350,266 |
| 19. Banapiña de Nicaragua, S.A. Oficina Asesores Legales Consortium, De donde fue el Hospital Militar, 1C. Al lago, 10 varas abajo, Managua, Nicaragua. | Carlos Taboada +505 2254-5454 ctaboada@consortiumlegal.com | Trade | | | | $179,124 |
| 20. Nova Safra Transportes Ltda Av. Otto Salgado, 700 Distrito Industrial Claudio Galvão De Nogueira, Varginha - MG 37026-690 | Viviane Maselli Spínola 55 (35) 3222-7676 (35) 99229-3913 comercial@novasafralog.com.br | Trade | | | | $169,570 |
| 21. Commodity Supplies AG 7975 NW 154th St Suite 200. Miami Lakes, FL 33016 United States | Kornelia Tiede +1 305-207-2954 kornelia.tiede@commodity.ch | Trade | | | | $146,322 |
| 22. Kerchanshe Trading plc 6th Floor, Africa Insurance Building, South African Street P.O. Box 19891 Addis Ababa, Ethiopia | Yigezu Legesse +251-11-3716370/+251-96-2414141 info@kerchanshe.com | Trade | | | | 143,519 |
| 23. Revolucao Transportes Ltda F Alameda Do Cafe, 195 - Jardim Andere – Varginha/ MG - Zip Code: 37026-400 | Lincoln Moreira Gabriel 55 (35) 3015-2706 (33) 99921-9561 lincoln.gabriel@revolucaotransportes.com.br | Trade | | | | $134,080 |
| 24. Jorge Luiz Maiolini Faz Cruz De Moisés, S/N, Zona Rural, Eloi Mendes - Mg. Zip Code: 31110-000 | Jorge Luiz Maiolini (35) 99988-2522 | Trade | | | | $129,326 |

Debtor Mercon Coffee Corporation _____   Case number (*if known*)_____
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25. | Detech Coffee To dan pho Thap, Phuong Di Su, Thi xa My Hao, Tinh Hung Yen, Vietnam | Mr. Sinh - To dan pho Thap, Phuong Di Su, Thi xa My Hao, Tinh Hung Yen, Vietnam Mr Sinh - 0221 730 6688 sinh@detechcoffee.com | Trade | | | | $111,386 |
| 26. | M&M Cafe Ltda Avenida Melo Viana, 604. Manhuaçu, Minas Gerais 36902-290 | M&M Cafe Ltda 55 33 3331-1879 escritaservicoscontabeis@gmail.com; mbr.voucher@merconcorp.com | Trade | | | | $106,603 |
| 27. | Agroindustrias Unidas de México S.A. de C.V. (AMSA) Bosques de Alisos No 45-A 2do piso, Bosques las Lomas, Ciudad de México, DF, México. | Alfredo Bojalil +52 55 52576500 alfredo.bojalil@ecomtrading.com | Trade | | | | $86,321 |
| 28. | Revolucao Transportes Ltda BA Rua Maximo Matos, 6 SL1. Encruzilhada, Bahía 45150-000 | Lucas Moreira 55 3333316736 lucas.gabriel@revolucaotransportes.com.br | Trade | | | | $83,010 |
| 29. | Federacion Nacional de Cafeteros de Colombia Calle 73 Numero 8-13, Bogotá, Colombia | Germán Bahamón 3136700313600/3137317 german.bahamon@cafedecolombia.com | Trade | | | | $81,991 |
| 30. | Finca Churupampa Perú S.A.C. Cal Chinchipe SN Centro Chirinos. San Ignacio, Perú | Finca Churupampa Perú S.A.C. +51 949 605 978 contacto@fincachurupampa.com | Trade | | | | $75,905 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Mercon B.V.__

United States Bankruptcy Court for the: __Southern__          District of __New York__
                                                                        (State)

Case number (*if known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ *Amended Schedule* _____

- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☑ Other document that requires a declaration __Corporate Ownership Statement and List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __12/06/2023__           _____
              MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                          __Harve Light__
                                          Printed name

                                          __Chief Restructuring Officer__
                                          Position or relationship to debtor

---

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

EXECUTION VERSION

### WRITTEN RESOLUTIONS OF THE SHAREHOLDER OF MERCON B.V.
### Dated December 5, 2023

The undersigned:

**Mercon Coöperatief U.A.**, a cooperative with excluded liability (*coöperatie met uitgesloten aansprakelijkheid*), organised under the laws of the Netherlands, having its corporate seat in Amsterdam, the Netherlands and its registered address at De Ruijterkade 142, 1011 AC Amsterdam, the Netherlands, registered with the commercial register under number 61740179 acting in the capacity as sole shareholder of **Mercon B.V.**, a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*), organised under the laws of the Netherlands, having its corporate seat in Amsterdam, the Netherlands, and its registered address at De Ruijterkade 142, 1011 AC Amsterdam, the Netherlands, registered with the commercial register under number 61741140 (the "**Company**"),

**WHEREAS**

A.      The undersigned is the sole shareholder of all issued and outstanding shares of the Company.

B.      Other than the undersigned, there are no parties having the right to attend and address the general meeting and/or to exercise the voting rights attaching to one or more shares in the capital of the Company (on the basis of the issuance of depositary receipts for shares (*certificering van aandelen*), the issuance of shares without voting rights (*uitgifte van stemrechtloze aandelen*), a right of usufruct on shares (*vruchtgebruik*), a right of pledge on shares (*pandrecht*) or otherwise).

C.      The undersigned agrees that this resolution may be passed without holding a general meeting of shareholders.

D.      The sole member of the Board (as defined below) has been granted the opportunity to advise in respect of the resolutions contained herein.

E.      The undersigned has reviewed and noted the content of the proposed language of the resolution of the Company's managing board (the "**Board**"), a draft of which is attached hereto as Annex A (the "**Draft Board Resolution**") and the intention of the Company to effectuate the Chapter 11 Filing, commence the Chapter 11 Case, and evaluate the Potential Transactions, engage outside consultants and to enter into the Documents (all as defined in the Draft Board Resolution).

F.      The entry by the Company into the Documents (i) is permitted by the objects clause in the Company's articles of association, (ii) is conducive to the realisation of the Company's corporate objects, as the Company will, directly or indirectly, derive benefits from entering into the Documents, and (iii) to the best knowledge of the shareholders, is not prejudicial to the interests of the Company's creditors.

G.      The Company's articles of association do not preclude the shareholder from passing resolutions without holding a meeting.

**RESOLUTIONS**

1.      The Board may proceed with executing the Draft Board Resolution pursuant to which the Company may proceed to (i) enter into the Documents and (ii) perform all acts and things as the Board deems necessary or conducive with respect to the Chapter 11 Filing, the Chapter 11 Case, the Potential Transactions and entering into the Documents.

2.      The Company may ratify and confirm any agreement, deed or document already executed in relation to the entering into the Documents prior to the date of this resolution.

**CONFIRMATIONS**

The undersigned confirms the statements made above under A through G.

**IN WITNESS WHEREOF**, the undersigned has signed this document on the date first above written.


Name of shareholder: **Mercon Coöperatief U.A.**

Title: shareholder



3

**ANNEX A**
**DRAFT BOARD RESOLUTION**

DRAFT

**WRITTEN RESOLUTIONS OF THE MANAGING BOARD OF MERCON B.V.**
**dated December [ ], 2023**

The undersigned:

1.    ████████████████████████████

acting in her capacity as the sole managing director of **Mercon B.V.**, a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*), organised under the laws of the Netherlands, having its corporate seat in Amsterdam, the Netherlands, and its registered address at De Ruijterkade 142, 1011 AC Amsterdam, the Netherlands, registered with the commercial register under number 61741140 (the "**Company**"),

**WHEREAS**

A.    The Company's Managing Board (the "**Board**") wishes to resolve upon the approval of a proposal whereby the Company would (A) file a voluntary petition in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") pursuant to Chapter 11 of the United States Bankruptcy Code (the "**Chapter 11 Filing**," and such case, the "**Chapter 11 Case**"), (B) in connection therewith, have the power and authority to effectuate any post-petition financing transactions that may arise during the Chapter 11 Case, such as the incurrence of secured or unsecured debt or equity financing or the consensual or nonconsensual use of cash collateral (each, a "**Financing Transaction**"), and (C) evaluate other potential strategic transactions that may arise within or related to the Chapter 11 Case (the "**Potential Transactions**"); and

B.    In further connection therewith (i), the Company has retained, and seeks to continue retaining, certain outside advisors, including Riveron Management Services, LLC (as financial advisor), and Baker McKenzie LLP (as counsel), and (ii) as part of the continued retention of Riveron Management Services, LLC, the Company hereby wishes to expand, as further set forth in the engagement letter with Riveron Management Services, LLC entered into contemporaneously hereto, the scope of the power of attorney previously granted to Mr. Harve Light upon his appointment as Chief Transformation Officer of the Company on the 31st of October 2023, and, in connection with such expansion of authority, the Company shall hereby change Mr. Light's title to, and appoint him as, Chief Restructuring Officer of the Company (such title, the "**CRO**", and refereincing such appointment and expansion generally, the "**CRO Appointment**"); and

C.    The Board has reviewed and considered the circumstances of the Company, including its current and future liabilities and strategic alternatives, and has determined that a Chapter 11 Filing is in the Company's best interests; and

D.    The Board wishes to provide the Company with authority to commence a Chapter 11 Case, effectuate any Financing Transaction, and evaluate any other Potential Transactions.

**CONFIRMATIONS BY THE BOARD AS A WHOLE**

The managing board of the Company as a whole confirms that:

a.    the undersigned constitutes the entire managing board of the Company (the "**Board**");

b.    the general meeting of the Company (the "**General Meeting**") has granted their approval in connection with any of the resolutions of the Board as contemplated herein, as is evidenced by a copy of the resolution of the General Meeting attached hereto as Annex A (the "**Shareholder's Resolution**");

c.    no regulations and/or other rules (*reglementen en/of andere regels*) have been adopted by any of the Company's corporate bodies that would preclude the Board from validly passing this resolution in the present form and manner;

d.    it deems commencing a Chapter 11 Case, effectuating any Financing Transaction, evaluating any other Potential Transactions, engaging Riveron Management Services, LLC (as financial advisor) and Baker McKenzie LLP (as counsel) and expanding the scope of the power of attorney granted to the CRO to be (i) in the best corporate interest (*vennootschappelijk belang*) of the Company as the Company will, directly or indirectly, derive benefits from commencing a Chapter 11 Case, effectuating any Financing Transaction, and evaluating any other Potential Transactions, (ii) conducive to the realisation and useful in connection with the Company's corporate objects and (iii) not prejudicial to the interests of the Company's creditors;

**CONFIRMATIONS BY SOLE MEMBER OF THE BOARD**

The sole member of the Board confirms that:

a.    she does not have a direct or indirect interest that conflicts with the interest of the Company and the business connected with it with respect to the entering into the Documents by the Company;

b.    she is not subject to a civil law director disqualification (*civielrechtelijk bestuursverbod*) imposed by a court under articles 106a to 106e of the Dutch Insolvency Act (as amended by the Directors disqualification act (*Wet civielrechtelijk bestuursverbod*));

c.    she is not subject to any provisional measure imposed by the Enterprise Chamber (*Ondernemingskamer*) pursuant to article 2:349a or article 2:355 of the Dutch Civil Code nor has the Enterprise Chamber appointed any other person to act as temporary member of the Board, and it is not aware of any of the foregoing being initiated; and

d.    she has been granted the opportunity to render advice (*advies uitbrengen*) referred to in paragraph 2 of article 2:238 of the Dutch Civil Code in respect of the resolutions passed in the Shareholder's Resolution.

**RESOLUTIONS**

The Board hereby resolves that the Company:

1.    shall (i) effectuate the Chapter 11 Filing, commence the Chapter 11 Case, and evaluate the Potential Transactions and (ii) perform all acts and things as any of the Attorneys named herein deems necessary or conducive with respect to the Chapter 11 Filing, the

Chapter 11 Case, and the Potential Transactions, including but not limited to the execution and, where applicable, delivery, of any agreement deed and document that may be necessary or conducive in connection therewith (the "**Documents**");

2.    shall employ and retain Riveron Management Services, LLC as financial advisor for the Chapter 11 Case, pursuant to the terms of its engagement letter and subject to Court approval;

3.    shall employ and retain Baker McKenzie LLP as counsel (for purposes of section 327(a) of the Bankruptcy Code) for the Chapter 11 Case, pursuant to the terms of its engagement letter and subject to Court approval;

4.    shall approve the CRO Appointment, and, in connection therewith, hereby further authorizes and empowers the CRO to act on behalf of the Company in any judicial or other proceedings in any foreign country and to act in any way permitted by applicable foreign law, including, but not limited to (a) commencing *Wet Homologatie Onderhands Akkoord* proceedings in the Netherlands, (b) seeking recognition of the chapter 11 case of the Company in Brazil, and (c) commencing a plenary insolvency proceeding or seeking recognition in an ancillary insolvency proceeding in any foreign country in any way permitted by applicable foreign law;

5.    ratifies and confirms any agreement, deed or document already executed in relation to the above resolutions prior to the date of this resolution.

**POWER OF ATTORNEY**

1.    The Company grants an irrevocable power of attorney to each of ▮▮▮▮▮▮▮ and **Harve Light**, acting severally, (each an "**Attorney**"), with the right of substitution (whereby "Attorney" includes any person so substituted) to:

-    individually, or together with one or more Attorneys, sign, execute and, where applicable, deliver any documents or instruments related to and the Documents on behalf of the Company;

-    to negotiate, amend or adapt the Documents as the Attorney deems necessary or conducive in relation to the transactions contemplated by the Documents; and

-    to perform all acts and things and, generally, represent the Company as the Attorney, acting in its sole discretion, deems necessary or conducive with respect to entering into the Documents.

2.    Section 3:68 Dutch Civil Code (*Selbsteintritt*) is excluded and an Attorney may also act as attorney of one or more counterparties of the Company.

3.    The Company agrees to indemnify each Attorney against any liability which that Attorney may incur for any action or omission in connection with this power of attorney, gross negligence (*grove schuld*) and wilful misconduct (*opzet*) excepted.

4.    The relationship between the Company and an Attorney in respect of this power of attorney
will be governed by the laws of the Netherlands.

**IN WITNESS WHEREOF**, the undersigned has signed this document on the date first above written.

This document may be signed in counterparts.



**WRITTEN RESOLUTIONS OF THE MANAGING BOARD OF MERCON B.V.**
**dated December 5, 2023**

The undersigned:

1.    ████████████████████████████

acting in ██ capacity as the sole managing director of **Mercon B.V.**, a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*), organised under the laws of the Netherlands, having its corporate seat in Amsterdam, the Netherlands, and its registered address at De Ruijterkade 142, 1011 AC Amsterdam, the Netherlands, registered with the commercial register under number 61741140 (the "**Company**"),

**WHEREAS**

A.    The Company's Managing Board (the "**Board**") wishes to resolve upon the approval of a proposal whereby the Company would (A) file a voluntary petition in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") pursuant to Chapter 11 of the United States Bankruptcy Code (the "**Chapter 11 Filing**," and such case, the "**Chapter 11 Case**"), (B) in connection therewith, have the power and authority to effectuate any post-petition financing transactions that may arise during the Chapter 11 Case, such as the incurrence of secured or unsecured debt or equity financing or the consensual or nonconsensual use of cash collateral (each, a "**Financing Transaction**"), and (C) evaluate other potential strategic transactions that may arise within or related to the Chapter 11 Case (the "**Potential Transactions**"); and

B.    In further connection therewith (i), the Company has retained, and seeks to continue retaining, certain outside advisors, including Riveron Management Services, LLC (as financial advisor), and Baker McKenzie LLP (as counsel), and (ii) as part of the continued retention of Riveron Management Services, LLC, the Company hereby wishes to expand, as further set forth in the engagement letter with Riveron Management Services, LLC entered into contemporaneously hereto, the scope of the power of attorney previously granted to Mr. Harve Light upon his appointment as Chief Transformation Officer of the Company on the 31st of October 2023, and, in connection with such expansion of authority, the Company shall hereby change Mr. Light's title to, and appoint him as, Chief Restructuring Officer of the Company (such title, the "**CRO**", and refereincing such appointment and expansion generally, the "**CRO Appointment**"); and

C.    The Board has reviewed and considered the circumstances of the Company, including its current and future liabilities and strategic alternatives, and has determined that a Chapter 11 Filing is in the Company's best interests; and

D.    The Board wishes to provide the Company with authority to commence a Chapter 11 Case, effectuate any Financing Transaction, and evaluate any other Potential Transactions.

**CONFIRMATIONS BY THE BOARD AS A WHOLE**

The managing board of the Company as a whole confirms that:

a.    the undersigned constitutes the entire managing board of the Company (the "**Board**");

b.    the general meeting of the Company (the "**General Meeting**") has granted their approval in connection with any of the resolutions of the Board as contemplated herein, as is evidenced by a copy of the resolution of the General Meeting attached hereto as Annex A (the "**Shareholder's Resolution**");

c.    no regulations and/or other rules (*reglementen en/of andere regels*) have been adopted by any of the Company's corporate bodies that would preclude the Board from validly passing this resolution in the present form and manner;

d.    it deems commencing a Chapter 11 Case, effectuating any Financing Transaction, evaluating any other Potential Transactions, engaging Riveron Management Services, LLC (as financial advisor) and Baker McKenzie LLP (as counsel) and expanding the scope of the power of attorney granted to the CRO to be (i) in the best corporate interest (*vennootschappelijk belang*) of the Company as the Company will, directly or indirectly, derive benefits from commencing a Chapter 11 Case, effectuating any Financing Transaction, and evaluating any other Potential Transactions, (ii) conducive to the realisation and useful in connection with the Company's corporate objects and (iii) not prejudicial to the interests of the Company's creditors;

**CONFIRMATIONS BY SOLE MEMBER OF THE BOARD**

The sole member of the Board confirms that:

a.    she does not have a direct or indirect interest that conflicts with the interest of the Company and the business connected with it with respect to the entering into the Documents by the Company;

b.    she is not subject to a civil law director disqualification (*civielrechtelijk bestuursverbod*) imposed by a court under articles 106a to 106e of the Dutch Insolvency Act (as amended by the Directors disqualification act (*Wet civielrechtelijk bestuursverbod*));

c.    she is not subject to any provisional measure imposed by the Enterprise Chamber (*Ondernemingskamer*) pursuant to article 2:349a or article 2:355 of the Dutch Civil Code nor has the Enterprise Chamber appointed any other person to act as temporary member of the Board, and it is not aware of any of the foregoing being initiated; and

d.    she has been granted the opportunity to render advice (*advies uitbrengen*) referred to in paragraph 2 of article 2:238 of the Dutch Civil Code in respect of the resolutions passed in the Shareholder's Resolution.

**RESOLUTIONS**

The Board hereby resolves that the Company:

1.    shall (i) effectuate the Chapter 11 Filing, commence the Chapter 11 Case, and evaluate the Potential Transactions and (ii) perform all acts and things as any of the Attorneys named herein deems necessary or conducive with respect to the Chapter 11 Filing, the

     Chapter 11 Case, and the Potential Transactions, including but not limited to the execution and, where applicable, delivery, of any agreement deed and document that may be necessary or conducive in connection therewith (the "**Documents**");

2.     shall employ and retain Riveron Management Services, LLC as financial advisor for the Chapter 11 Case, pursuant to the terms of its engagement letter and subject to Court approval;

3.     shall employ and retain Baker McKenzie LLP as counsel (for purposes of section 327(a) of the Bankruptcy Code) for the Chapter 11 Case, pursuant to the terms of its engagement letter and subject to Court approval;

4.     shall approve the CRO Appointment, and, in connection therewith, hereby further authorizes and empowers the CRO to act on behalf of the Company in any judicial or other proceedings in any foreign country and to act in any way permitted by applicable foreign law, including, but not limited to (a) commencing *Wet Homologatie Onderhands Akkoord* proceedings in the Netherlands, (b) seeking recognition of the chapter 11 case of the Company in Brazil, and (c) commencing a plenary insolvency proceeding or seeking recognition in an ancillary insolvency proceeding in any foreign country in any way permitted by applicable foreign law;

5.     ratifies and confirms any agreement, deed or document already executed in relation to the above resolutions prior to the date of this resolution.

## POWER OF ATTORNEY

1.     The Company grants an irrevocable power of attorney to each of ▮▮▮▮▮▮▮ and **Harve Light**, acting severally, (each an "**Attorney**"), with the right of substitution (whereby "Attorney" includes any person so substituted) to:

-     individually, or together with one or more Attorneys, sign, execute and, where applicable, deliver any documents or instruments related to and the Documents on behalf of the Company;

-     to negotiate, amend or adapt the Documents as the Attorney deems necessary or conducive in relation to the transactions contemplated by the Documents; and

-     to perform all acts and things and, generally, represent the Company as the Attorney, acting in its sole discretion, deems necessary or conducive with respect to entering into the Documents.

2.     Section 3:68 Dutch Civil Code (*Selbsteintritt*) is excluded and an Attorney may also act as attorney of one or more counterparties of the Company.

3.     The Company agrees to indemnify each Attorney against any liability which that Attorney may incur for any action or omission in connection with this power of attorney, gross negligence (*grove schuld*) and wilful misconduct (*opzet*) excepted.

4.    The relationship between the Company and an Attorney in respect of this power of attorney
will be governed by the laws of the Netherlands.

**IN WITNESS WHEREOF**, the undersigned has signed this document on the date first above written.

This document may be signed in counterparts.



**ANNEX A**

**SIGNED SHAREHOLDER'S RESOLUTION**

EXECUTION VERSION

**WRITTEN RESOLUTIONS OF THE SHAREHOLDER OF MERCON B.V.**
**Dated December 5, 2023**

The undersigned:

**Mercon Coöperatief U.A.**, a cooperative with excluded liability (*coöperatie met uitgesloten aansprakelijkheid*), organised under the laws of the Netherlands, having its corporate seat in Amsterdam, the Netherlands and its registered address at De Ruijterkade 142, 1011 AC Amsterdam, the Netherlands, registered with the commercial register under number 61740179 acting in the capacity as sole shareholder of **Mercon B.V.**, a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*), organised under the laws of the Netherlands, having its corporate seat in Amsterdam, the Netherlands, and its registered address at De Ruijterkade 142, 1011 AC Amsterdam, the Netherlands, registered with the commercial register under number 61741140 (the "**Company**"),

**WHEREAS**

A.   The undersigned is the sole shareholder of all issued and outstanding shares of the Company.

B.   Other than the undersigned, there are no parties having the right to attend and address the general meeting and/or to exercise the voting rights attaching to one or more shares in the capital of the Company (on the basis of the issuance of depositary receipts for shares (*certificering van aandelen*), the issuance of shares without voting rights (*uitgifte van stemrechtloze aandelen*), a right of usufruct on shares (*vruchtgebruik*), a right of pledge on shares (*pandrecht*) or otherwise).

C.   The undersigned agrees that this resolution may be passed without holding a general meeting of shareholders.

D.   The sole member of the Board (as defined below) has been granted the opportunity to advise in respect of the resolutions contained herein.

E.   The undersigned has reviewed and noted the content of the proposed language of the resolution of the Company's managing board (the "**Board**"), a draft of which is attached hereto as Annex A (the "**Draft Board Resolution**") and the intention of the Company to effectuate the Chapter 11 Filing, commence the Chapter 11 Case, and evaluate the Potential Transactions, engage outside consultants and to enter into the Documents (all as defined in the Draft Board Resolution).

F.   The entry by the Company into the Documents (i) is permitted by the objects clause in the Company's articles of association, (ii) is conducive to the realisation of the Company's corporate objects, as the Company will, directly or indirectly, derive benefits from entering into the Documents, and (iii) to the best knowledge of the shareholders, is not prejudicial to the interests of the Company's creditors.

G. The Company's articles of association do not preclude the shareholder from passing resolutions without holding a meeting.

**RESOLUTIONS**

1. The Board may proceed with executing the Draft Board Resolution pursuant to which the Company may proceed to (i) enter into the Documents and (ii) perform all acts and things as the Board deems necessary or conducive with respect to the Chapter 11 Filing, the Chapter 11 Case, the Potential Transactions and entering into the Documents.

2. The Company may ratify and confirm any agreement, deed or document already executed in relation to the entering into the Documents prior to the date of this resolution.

**CONFIRMATIONS**

The undersigned confirms the statements made above under A through G.

**IN WITNESS WHEREOF**, the undersigned has signed this document on the date first above written.


Name of shareholder: **Mercon Coöperatief U.A.**

Title: shareholder



3