**Deadline to Object: October 2, 2024, at 4:30 p.m. (Eastern Time)**
**Hearing Date: October 9, 2024, at 11:00 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCON B.V.,[1] | Case No. 23-11947 (MEW) |
| Debtors. | |

_____/

### SUMMARY SHEET FOR FIRST AND FINAL FEE APPLICATION OF DENTONS NICARAGUA, S.A. AS SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JANUARY 25, 2024 THROUGH JULY 31, 2024

| | | |
|---|---|---|
| Name of Applicant: | Dentons Nicaragua, S.A. | |
| Applicant's Role in Case: | Special Counsel to the Debtors | |
| Date Order of Employment Signed: | March 19, 2024 effective January 25, 2024 [Doc. No. 260] | |
| Period for which Final Compensation and Expense Reimbursement is sought | Beginning of Period | End of Period |
| | January 25, 2024 | July 31, 2024 |
| Amount of Final Compensation sought as actual reasonable and necessary: | $50,000 | |
| Amount of Final Expense Reimbursement sought as actual, reasonable and necessary: | $7,500 | |
| Total Final Compensation and Expense Reimbursement requested: | $57,500 | |
| Total Compensation and Expenses Previously requested and awarded: | N/A | |
| This is a(n): ____ Monthly Application _ Interim Application **x** Final Application | | |
| This is the first and final fee application filed by Dentons Nicaragua, S.A. in the above-captioned matter. | | |

---

[1] On August 21, 2024, the Court entered the *Order Containing a Post-Confirmation Timetable as Required by Local Rule 3021-1*, closing the chapter 11 cases of Mercon Coffee Corporation and certain of its debtor affiliates and thereby directing that all motions, notices, and other pleadings related to any of the affiliated debtors be filed in this case. Prior to the Effective Date, the Debtors in these cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, were: Mercon Coffee Corporation (1844); Mercon B.V. (N/A); Mercon Brasil Comércio de Café Ltda. (N/A); Agro International Holding B.V. (N/A); Mercapital de Nicaragua, S.A. (N/A); Distribuidora de Granos de Nicaragua S.A. (N/A); Cisa Export S.A. (N/A); Comercial Internacional de Granos de Honduras, S.A. de C.V. (N/A); Mercon Guatemala, S.A. (N/A); Comercial Internacional Exportadora, S.A. (N/A). All docket numbers referenced herein refer to pleadings filed in Mercon Coffee Corporation, Case No. 23-11945 (MEW).

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCON B.V.,[1] | Case No. 23-11947 (MEW) |
| Debtors. | |

_____/

### FIRST AND FINAL FEE APPLICATION OF DENTONS NICARAGUA, S.A. AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JANUARY 25, 2024 THROUGH JULY 31, 2024

Dentons Nicaragua, S.A. ("**Dentons**"), as special counsel to Mercon Coffee Corporation and its debtor affiliates, as debtors in the chapter 11 cases (collectively, the "**Debtors**"), hereby submits this final fee application (the "**Application**") pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"); Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for the allowance of compensation for professional services rendered by Dentons, and reimbursement of actual and necessary expenses incurred by Dentons in connection with rendering such services during the period from January 25, 2024 through and including July 31, 2024 (the "**Application Period**").

---

[1] On August 21, 2024, the Court entered the *Order Containing a Post-Confirmation Timetable as Required by Local Rule 3021-1*, closing the chapter 11 cases of Mercon Coffee Corporation and certain of its debtor affiliates and thereby directing that all motions, notices, and other pleadings related to any of the affiliated debtors be filed in this case. Prior to the Effective Date, the Debtors in these cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, were: Mercon Coffee Corporation (1844); Mercon B.V. (N/A); Mercon Brasil Comércio de Café Ltda. (N/A); Agro International Holding B.V. (N/A); Mercapital de Nicaragua, S.A. (N/A); Distribuidora de Granos de Nicaragua S.A. (N/A); Cisa Export S.A. (N/A); Comercial Internacional de Granos de Honduras, S.A. de C.V. (N/A); Mercon Guatemala, S.A. (N/A); Comercial Internacional Exportadora, S.A. (N/A). All docket numbers referenced herein refer to pleadings filed in Mercon Coffee Corporation, Case No. 23-11945 (MEW).

## Jurisdiction and Venue

1.      This Court has subject matter jurisdiction to consider this matter pursuant to 28

U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012

(Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Compliance with the Guidelines

2.      This Application was prepared in accordance with the applicable provisions of

(a) the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases* (the "**Local Guidelines**") established and adopted by the United

States Bankruptcy Court for the Southern District of New York pursuant to General Order M- 447;

(b) the guidelines established by the Office of the U.S. Trustee (the "**UST Guidelines**"); (c) the

Local Bankruptcy Rules; (d) the Confirmation Order (as defined below); and (e) the Retention

Order (as defined below) (collectively, the "**Guidelines**").

3.      Pursuant to, and consistent with, the Guidelines, the following exhibits are attached

hereto:

      a.      **Exhibit A** contains certification by the undersigned regarding compliance
            with the Guidelines (the "**Certification**");

      b.      **Exhibit B** contains a copy of the Retention Order (which authorized payment
            of the fixed fee);

      c.      **Exhibit C** contains Dentons' invoice for the Application Period.

To the extent the Application is not in compliance with the Guidelines, Dentons respectfully

submits that such noncompliance is immaterial and requests a waiver of the applicable

requirements.

## Background

4.      On December 6, 2023, the Debtors filed voluntary petitions for relief under the

Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On July 30, 2024, the Court entered its *Findings of Fact, Conclusions of Law and Order (I) Approving the Debtors' Disclosure Statement Pursuant to Sections 1125 and 1126(B) of the Bankruptcy Code and (II) Confirming the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* [Doc. No. 690]  (the "**Confirmation Order**"), confirming the *Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* (the "**Plan**").

6.      Additional information regarding the Debtors and their prepetition operations and capital structure is set forth in the *Fourth Amended Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* [Doc. No. 515] (the "**Disclosure Statement**").

## Retention of Dentons

7.      On March 6, 2024, the Debtors filed the Debtors' *Application for Entry of an Order Authorizing the Debtors to Employ, Retain and Compensate Dentons Nicaragua, S.A. as Special Counsel as of January 25, 2024* [Doc. No. 226] (the "**Retention Application**").

8.      On March 19, 2024, the Court entered its *Order Granting Application for Entry of an Order Authorizing the Debtors to Employ, Retain and Compensate Dentons Nicaragua, S.A. as Special Counsel, as of January 25, 2024* [Doc. No. 260] (the "**Retention Order**").

9.      The Debtors retained Dentons in these chapter 11 cases. Pursuant to the terms of the Retention Order the Debtors are authorized to pay fees and reimburse expenses to Dentons on the terms specified in its Engagement Letter, as follows:

    a.  25% (that is, $50,000.00) would be paid to the Firm upon the entry
        of an order approving Dentons's retention by the Bankruptcy Court;

3

b. 75% (that is, $150,000.00) would be paid to the Firm upon the occurrence of all three of the following: (i) the execution of a final tax settlement agreement regarding the USD 30 MM liability with the DGI, (ii) the entry of a final non-appealable order by the Bankruptcy Court approving each of the final tax settlement agreement and the Proposed Transaction, and (iii) the closing of the Proposed Transaction.

10.     By this Application, Dentons is only seeking final approval of the 25% (that is, $50,000) fixed fee consistent with the terms of the Retention Order, along with the VAT expense arising in connection with that fixed fee.

## Overview of Dentons' Role[2]

11.     Dentons was retained as special Nicaraguan counsel to (a) render services in and relating to the communications from the Debtors before the "Secretaria de Promoción de Inversiones y Exportación" (Secretariat of Foreign Investment – the "**Secretariat**") in the Republic of Nicaragua ("**Nicaragua**") with respect to the proposed sale of the assets and operations of Cisa Export S.A. ("**CISA**") and Mercapital de Nicaragua, S.A. ("**Mercapital**"), and related matters; (b) facilitate communications with the Dirección General de Ingresos (Nicaraguan Tax Authority – "**DGI**") with respect to the DGI's outstanding tax claims against CISA and Mercapital; and (c) advise the Debtors (including CISA) with respect to certain litigation and investigations.

12.     During the Application Period, Dentons provided extensive, reasonable, and appropriate professional services to the Debtors that were necessary to the administration of these cases, including but not limited to analyzing financial documents, tax filings, and relevant data, developing the strategy for discussion and negotiation with the Secretariat and DGI, and leading the Debtors' efforts to protect the Debtors' interests in Nicaragua. Dentons attorneys attended numerous meetings, videoconferences and conference calls and prepared numerous memoranda

---

[2] This summary is not intended to be a detailed description of the work Dentons performed during the Application Period, but rather is a guideline offered to the Court and other interested parties with respect to the services performed by Dentons.

and analysis regarding the optimal means for maximizing the value of the Debtors' assets in
Nicaragua. Dentons' attorneys also participated in discussions with other professionals regarding
various operational issues and coordinated with the Debtors' regarding these issues. These services
were necessary to address a multitude of critical issues unique to these cases.

## **Disclosure of Compensation and Requested Award**

13.    Dentons seeks final approval of compensation for professional services performed
during the Application Period in the amount of $50,000. In addition, Dentons seeks reimbursement
of expenses incurred in connection with rendering such services in the amount of $7,500. Dentons
has not shared or agreed to share any of its respective compensation from the Debtors with any
other person. No promises have been received by Dentons as to compensation in connection with
these chapter 11 cases, other than as set forth in its engagement letter.

14.    This Application is Dentons' first and final request for compensation for services
rendered and reimbursement of expenses incurred as special counsel to the Debtors.

15.    Dentons respectfully submits that the compensation requested for the services
rendered by Dentons during the Application Period is fully justified and reasonable based upon
(a) the complexity of the issues presented, (b) the experience necessary to identify legal issues and
perform the legal analysis, (c) the preclusion of other employment, (d) the experience, reputation
and ability of the professionals rendering services, and (e) the amount of work expended by
Dentons professionals to facilitate the Debtors' communications before the Secretariat in
Nicaragua.

## **Basis for Relief**

16.    Section 330 of the Bankruptcy Code provides that a court may award a professional
employed under section 327 of the Bankruptcy Code "reasonable compensation for actual,

necessary services rendered and reimbursement for actual, necessary expenses." The services rendered by Dentons to the Debtors during the Application Period were substantial, highly professional and instrumental to the Debtors in furtherance of their liquidation efforts. The requested compensation for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The professional services were performed expediently and efficiently, and the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and all parties in interest. Accordingly, Dentons respectfully submits that the compensation and reimbursement requested by this Application is reasonable in light of the nature and value of such services and should be approved.

## <u>Notice</u>

17.    Notice of this Application has been provided to the following parties, or, in lieu thereof, their counsel: (i) The Debtors c/o Mercon Coffee Corporation, Attn: Harve Light (email: harve.light@riveron.com); (ii) Counsel to the Debtors, Baker & McKenzie LLP, 452 Fifth Avenue, New York, NY 10018, Attn: Blaire Cahn, Esq. (email: blaire.cahn@bakermckenzie.com), and Baker & McKenzie LLP, 1111 Brickell Avenue, 10th Floor, Miami, FL 33130, Attn: Paul Keenan, Esq. and John Dodd, Esq. (email: paul.keenan@bakermckenzie.com and john.dodd@bakermckenzie.com); (iii) Counsel for the Offices of the United States Trustee for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Daniel Rudewicz (email: daniel.rudewicz@usdoj.gov); (iv) Counsel to the Official Committee of Unsecured Creditors, O'Melveny & Myers, LLP, Attn: Gregory M. Wilkes, Scott P. Drake, 2801 North Harwood Street, Suite 1600, Dallas, Texas, 75201, gwilkes@omm.com, sdrake@omm.com

and Attn: Louis R. Strubeck, Jr., Matthew P. Kremer, 7 Times Square, New York, New York,

10036, lstrubeckjr@omm.com, mkremer@omm.com; (v) Counsel to Coöperative Rabobank U.A.,

New York Branch, as administrative agent under the Debtors' prepetition first lien credit

agreement, Cadwalader, Wickersham & Taft LLP (Attn: Ingrid Bagby and Andrew Greenberg);

and (vi) counsel to any official committee appointed in these chapter 11 cases; and (vii) all others

that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1.

### No Prior Request

18.     No prior request for the relief sought in this motion has been made to this or any

other Court in connection with these chapter 11 cases.

### Conclusion

WHEREFORE, Dentons respectfully requests that the Court enter an Order (i) allowing as

an administrative expense, on a final basis, (a) compensation to Dentons in the amount of $50,000

and (b) reimbursement of actual and necessary costs and expenses in the amount of $7,500 incurred

by Dentons during the Application Period; and (ii) authorizing and directing payment by the

Debtors of any unpaid portion of such allowed fees and expenses.

Dated: August 30, 2024                          Respectfully submitted,
New York, New York

                                                /s/ *Edgard Torres*
                                                Edgard Torres
                                                Managing Partner
                                                Dentons Nicaragua, S.A.

## Exhibit A

**Certification of Compliance**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MERCON B.V.,[1] | Case No. 23-11947 (MEW) |
| Debtors. | |

_____ /

## CERTIFICATION OF EDGARD TORRES REGARDING THE FIRST AND FINAL FEE APPLICATION OF DENTONS NICARAGUA, S.A. AS SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JANUARY 25, 2024 THROUGH JULY 31, 2024

I, Edgard Torres, certify as follows:

1.      I am a partner at Dentons Nicaragua, S.A. ("**Dentons**"), with responsibility for the chapter 11 cases of the above captioned debtors and debtors in possession (collectively, the "**Debtors**") in respect of, among other things, compliance with (a) the Local Guidelines;[2] (b) the UST Guidelines; (c) the Local Bankruptcy Rules; (d) the Confirmation Order; and (e) the Retention Order (collectively, the "**Guidelines**").

2.      I have personally performed many of the services rendered by Dentons, as special counsel to the Debtors, and I am familiar with all other work performed on behalf of the Debtors.

3.      With respect of section B.1 of the Local Guidelines, I hereby certify that:

---

[1] On August 21, 2024, the Court entered the *Order Containing a Post-Confirmation Timetable as Required by Local Rule 3021-1*, closing the chapter 11 cases of Mercon Coffee Corporation and certain of its debtor affiliates and thereby directing that all motions, notices, and other pleadings related to any of the affiliated debtors be filed in this case. Prior to the Effective Date, the Debtors in these cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, were: Mercon Coffee Corporation (1844); Mercon B.V. (N/A); Mercon Brasil Comércio de Café Ltda. (N/A); Agro International Holding B.V. (N/A); Mercapital de Nicaragua, S.A. (N/A); Distribuidora de Granos de Nicaragua S.A. (N/A); Cisa Export S.A. (N/A); Comercial Internacional de Granos de Honduras, S.A. de C.V. (N/A); Mercon Guatemala, S.A. (N/A); Comercial Internacional Exportadora, S.A. (N/A). All docket numbers referenced herein refer to pleadings filed in Mercon Coffee Corporation, Case No. 23-11945 (MEW).

[2] Capitalized terms used but not otherwise defined in this Certification shall have the meanings ascribed to such terms in the Application to which it is attached.

a.      I have read the Application;

b.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Guidelines, except as specifically set forth herein or in the Application;

c.      Except to the extent fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought in the Application are consistent with arrangements entered into by Dentons for similar services provided to clients such as the Debtors for representations of the type and complexity described in the Application and generally accepted by Dentons' clients; and

d.      In providing a reimbursable service, Dentons does not make a profit on the service, whether the service is performed by Dentons in- house or through a third party.

4.      With respect of section B.3 of the Local Guidelines, I hereby certify that counsel for the Debtors has advised Dentons that the Debtors and the U.S. Trustee will each be provided with a copy of the Application substantially simultaneously with the filing thereof and will have at least 14 days to review the Application prior to any objection deadline with respect thereto.

Dated: August 30, 2024                           Respectfully submitted,
New York, New York

                                                 /s/ *Edgard Torres*
                                                 Edgard Torres
                                                 Managing Partner
                                                 Dentons Nicaragua, S.A.

2

## Exhibit B

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_In re_                                                                   Chapter 11

MERCON COFFEE CORPORATION, _et al._,[1]                 Case No. 23-11945 (MEW)

          Debtors.                                            Jointly Administered

_____/

## ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO EMPLOY, RETAIN AND COMPENSATE DENTONS NICARAGUA, S.A. AS SPECIAL COUNSEL, AS OF JANUARY 25, 2024

Upon the application [Doc. No. 226] (the "**Application**")[2] of Mercon Coffee Corporation

and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for

entry of an order pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, (i) authorizing the Debtors to retain and

employ Dentons Nicaragua, S.A. ("**Dentons**") as special counsel to the Debtors, effective as of

January 25, 2024 and (ii) granting related relief as more fully set forth in the Application; and upon

consideration of the Torres Declaration and the Light Declaration; and this Court being satisfied,

based on the representations made in the Application and Torres Declaration, that Dentons is

"disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified

by section 1107(b) of the Bankruptcy Code, and as required under section 327(e) of the

Bankruptcy Code, and that Dentons represents no interest adverse to the Debtors' estates with

respect to the matters upon which it is engaged; and this Court having jurisdiction to consider the

Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the _Amended_

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Mercon Coffee Corporation (1844); Mercon B.V. (N/A); Mercon Brasil Comércio de Café Ltda. (N/A); Agro International Holding B.V. (N/A); Mercapital de Nicaragua, S.A. (N/A); Distribuidora de Granos de Nicaragua S.A. (N/A); Cisa Export S.A. (N/A); Comercial Internacional de Granos de Honduras, S.A. de C.V. (N/A); Mercon Guatemala, S.A. (N/A); Mercafe Vietnam LTD. (N/A); Comercial Internacional Exportadora, S.A. (N/A). The Debtors' mailing address is: 999 Ponce de Leon Blvd, Suite 910, Coral Gables, FL 33134.

[2] Capitalized terms otherwise not defined herein shall have the definitions ascribed to them in the Application.

*Standing Order of Reference M-431*, dated January 31, 2012; and consideration of the Application

and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing

that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Application having been provided; and such notice having been adequate and

appropriate under the circumstances, and it appearing that no other or further notice need be

provided; and this Court having reviewed the Application; and all objections, if any, to the

Application having been withdrawn, resolved, or overruled; and it appearing that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and upon

all of the proceedings had before this Court and after due deliberation and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED:**

1.      The Application is approved upon the terms and conditions set forth herein.

2.      The Debtors are authorized, pursuant to section 327(e) of the Bankruptcy Code, to

employ and retain Dentons as special counsel to the Debtors, effective as of January 25, 2024, and

to pay fees and reimburse expenses to Dentons on the terms specified in the Engagement Letter.

3.      Dentons is authorized to act as the Debtors' special counsel to provide the following

services:

- Facilitate the Debtors' communications before the Secretariat in Nicaragua with respect to the proposed sale of the assets and operations of CISA and Mercapital (such transaction, the "Proposed Transaction"), in Nicaragua with the sole purpose of identifying and quantifying the tax debt owed by CISA to the Nicaraguan government in case a potential purchases of CISA enters into a purchase transaction.

- Facilitate the Debtors' communications before the Dirección General de Ingresos (Nicaraguan Tax Authority – "DGI") with respect to the DGI's outstanding tax claims against CISA and Mercaptial.

4.      The terms of the Engagement Letter, as modified by this Order, including, the Fee Structure, are approved in all respects except as limited or modified herein.

5.      Notwithstanding anything to the contrary in the Engagement Letter or the Application, to the extent that the Debtors request Dentons to perform any services other than those detailed in the Engagement Letter, the Debtors shall seek further approval by this Court by an application that shall set forth the additional services to be performed and the additional fees sought to be paid.

6.      Dentons shall file fee applications for interim and final allowance of compensation for services rendered and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

7.      In accordance with the terms set forth in the Application and the Engagement Letter, as modified by this Order, the Debtors shall reimburse Dentons for all reasonable expenses incurred by Dentons.

8.      Notwithstanding anything to the contrary herein, the United States Trustee retains all rights to object to Dentons interim and final fee applications including all compensation (such as the Fee Structure), indemnification, reimbursement, and contribution obligations payable under the Engagement Letter on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

9.      Notwithstanding anything to the contrary in the Engagement Letter, there shall be no limit on damages solely in the event of gross negligence or willful misconduct.

10.     Notwithstanding anything to the contrary in the Engagement Letter, any controversies arising from or related to compensation of Dentons shall be governed by the

Bankruptcy Code, and within the sole and exclusive jurisdiction of this Court so long as this Court retains jurisdiction over the Debtors' bankruptcy cases.

11.     Dentons shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

12.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to a case under chapter 7.

13.     Notwithstanding anything to the contrary herein, any payment made or to be made, and authorization contained in this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

14.     To the extent that there is any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

15.     The Debtors and Dentons are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: New York, New York
           March 19, 2024                          s/Michael E. Wiles
                                                   HONORABLE MICHAEL E. WILES
                                                   UNITED STATES BANKRUPTCY JUDGE

4

### **Exhibit C**

**Invoice**

**DENTONS MUÑOZ NICARAGUA, S.A.**

**DENTONS**

Ofiplaza el retiro, Edificio 4, Piso 3, Suite 4.3.1

Managua, Nicaragua      PBX: (505) 22982400 AL 04

RUC NO. J0310000359474

| | | |
|---|---|---|
| Fecha/Date: | 31 de Marzo del 2024. | NOTA DE COBRO    **3091** |

Nombre de Cliente/Client Name:      Mercon BV

RUC/Tax ID:

Dirección/Address:

Téléfonos/Phone:                          Correo/E-mail:      luisch@merconcoffee.com

| Detalle del Servicio/ Detail of Services: | Valor/Amount |
|---|---|
| Initial fee 25% for Dentons's retention by the Bankruptcy Court to facilitate communications with the Tax Authority of Nicaragua. | $50,000.00 |
| **NIC- DGI CAPITULO 11 20-03445.006** | |

| Pagar a/Pay to: | DENTONS MUÑOZ NICARAGUA, S.A. | Subtotal | $50,000.00 |
|---|---|---|---|
| **BANCO LAFISE BANCENTRO** | **Cta $: 106203671** | Gastos | $0.00 |
| **BANCO DE AMERICA CENTRAL** | **Cta $: 364-05072-4** | IVA 15% | $7,500.00 |
| | | Total | **$57,500.00** |

| Grow → | Protect → | Operate → | Finance → |
|---|---|---|---|